UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY E. JASENT,

       Plaintiff,

v.                                           Case No.  8:17-cv-2925-T-30AEP

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.**    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 208-221).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 114, 117, 123, 128).  Plaintiff then requested an administrative hearing (Tr. 133).  Per Plaintiff's request, the ALJ held a hearing on September 13, 2016, at which Plaintiff appeared and testified (Tr. 39-67).  At the hearing, Plaintiff acknowledged that her alleged onset date fell after her date last insured and that she was, therefore, ineligible for Title II benefits (Tr. 21, 41-44).  The ALJ dismissed Plaintiff's Title II request for hearing.[1]  *Id*.  Following the hearing, the ALJ issued an

---

[1] Plaintiff does not challenge the ALJ's dismissal of her Title II claim, and it is otherwise not relevant to this review.

unfavorable decision as to Plaintiff's remaining Title XVI claim finding Plaintiff not disabled and accordingly denied Plaintiff's claim for SSI benefits (Tr. 18-38). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1962, and was 51 on the date the application was filed, claimed disability beginning October 9, 2013 (Tr. 208). Plaintiff obtained a high school education (Tr. 243). Plaintiff's past relevant work experience included work as a housekeeper (Tr. 60). Plaintiff alleged disability due to strokes, brain surgery, brain aneurysms, depression, anxiety, limited mobility, muscle spasms, high blood pressure, and diabetes (Tr. 208, 242).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 12, 2013, the application date (Tr. 23). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: status post cerebrovascular accident ("CVA"), including migraine headaches, cervical disc disease, depression, and anxiety (Tr. 23). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24-25). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a range of light work (Tr. 26). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity,

persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 26-27).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 31). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cafeteria worker, garment sorter, and hotel housekeeper (Tr. 62). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful

activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims.  *See* 20 C.F.R. §§ 416.901, *et seq.*  These Regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment but may not be severe enough to prevent her from engaging in other substantial gainful activity.  In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids."  20 C.F.R. Part 404, Subpart P, App. 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.  20 C.F.R. § 416.969.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only.  20 C.F.R. § 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred by mechanically applying the age criteria of the Medical Vocational Guidelines and by failing to satisfy her burden of proof at step five of the sequential evaluation process. For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A. Application of Age Grids**

Plaintiff was born on April 30, 1962, and she was 51 on the date the application was filed (Tr. 208). On September 13, 2016, when the evidentiary hearing was held, Plaintiff had reached the age of 54 years and about 4 months. On December 13, 2016, the ALJ issued his

written decision denying Plaintiff SSI benefits (Tr. 18-38). At the time of the ALJ's decision, Plaintiff was 54 years and just over 7 months, less than five months shy of her 55th birthday (Tr. 208).

Plaintiff contends that the ALJ, in mechanically applying the age criteria, failed to "even consider that [Plaintiff] turned 55 years old, a person of advanced age, less than five months after the date of his denial." (Doc. 13, at 11-12). Plaintiff argues that "[t]here is no indication in [Plaintiff's] case that the ALJ even considered the borderline age situation even though [Plaintiff's] representative raised the possibility of [Plaintiff] meeting the requirements of one of the Medical Vocational Rules (Tr. 66)." *Id.* at 13. Plaintiff asserts that the ALJ "failed to apply the correct legal standards and made findings not supported by substantial evidence" and requests the case be remanded for further administrative proceedings. *Id.*

Defendant contends that the denial of benefits should be affirmed because "Plaintiff's case was not clearly a borderline situation; and even if it was, she produced no evidence of additional factors warranting application of the older age category before she attained age fifty-five." (Doc. 14, at 6). Defendant argues that, moreover, if a claimant does not make such a proffer of evidence, the ALJ's alleged mechanistic use of the age grids would be harmless error, and there would be no need to remand the case. *Id.* at 8.

When the disability evaluation process reaches step five, an ALJ must consider a claimant's RFC along with vocational factors, such as age, in determining whether the claimant is able to do other work. 20 C.F.R. § 416.920(a)(4)(v). In applying the grid rules, which were promulgated to improve the uniformity and efficiency of step five determinations, a claimant's age is considered by reference to one of three categories. *Heckler v. Campbell*, 461 U.S. 458, 461 (1983); *see* 20 C.F.R. §§ 416.963. The following age categories are set forth by the regulations:

6

    1) Person closely approaching advanced age. If you are closely approaching advanced age (age 50–54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work.

    2) Person of Advanced age. We consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older).

20 C.F.R. § 416.963(d) & (e).

The regulations provide for the following procedure in a "borderline situation":

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 416.963(b). Accordingly, such a "borderline situation" exists where (1) the claimant is "within a few days to a few months" of the next older age category; and (2) applying the grid rules for that older age category would result in a determination that the claimant is disabled. *Id*. The ALJ must "consider" whether the next older age category should be used when those two conditions are present. *Id.*

As to the first condition, Defendant argues that the less than five-month gap between the ALJ's decision and Plaintiff's 55th birthday is not "within a few days to a few months" of the next older age category. A number of courts, however, have held that the borderline range limit falls around six months from the next older age category. *See, e.g., Dubyna v. Colvin*, No. 8:13–CV–1966–T–TGW, 2014 WL 4660363, at \*8 (M.D. Fla. Sept. 17, 2014)("Although there is no bright line rule for how many months is borderline, the predominant view is that six months from the next age category is the outer limit."); *Lewis v. Comm'r of Soc. Sec.,* 666 F. Supp. 2d 730, 738 (E.D. Mich. 2009)("Generally, courts hold that a person within six months of the next higher age category is considered 'borderline.'"); *Gallagher v. Astrue,* No. 08–cv–

7

163–PB, 2009 WL 929923, at *6 (D.N.H. Apr. 3, 2009)("Although the courts have varied in their interpretation of in what period of time the borderline range falls, the general consensus is that the borderline range falls somewhere around six months from the older age category.")(internal quotation marks and citation omitted); *see also* Program Operations Manual System ("POMS") [2] DI 25015.006 ("We do not have a more precise programmatic definition for the phrase 'within a few days to a few months.' The term 'a few' is defined using its ordinary meaning, a small number. Usually, we consider a few days to a few months to mean a period not to exceed 6 months."). As such, the Court will consider Plaintiff as being "within a few days to a few months" of the next older age category. As for the second condition, it appears undisputed by the parties that when Plaintiff turned 55, she would have been found disabled based on grid rule 202.06. (Doc. 13, at 11); *see* 20 C.F.R. Part 404, Subpt. P, App. 2 § 202.06. As such, Plaintiff is properly considered to be in a "borderline situation."

There is no requirement, however, to automatically apply the higher age category when a claimant falls into the borderline age situation. POMS DI 25015.006 ("Do not use the higher age category automatically in a borderline situation."). Instead, the ALJ is required to "consider whether to use the older age category after evaluating the overall impact of all the factors of [her] case." 20 C.F.R. § 416.963(b). Plaintiff argues that "[t]here is no indication in [her] case that the ALJ even considered the borderline age situation even though [her] representative raised the possibility of [Plaintiff] meeting the requirements of one of the Medical Vocational Rules (Tr. 66)." (Doc. 13, at 13). Plaintiff's contention is irrelevant though because the ALJ

---

[2] The Social Security agency promulgated the POMS as "publicly available operating instructions for processing Social Security claims," but these administrative interpretations "are not products of formal rulemaking." *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003). As such, the Eleventh Circuit has stated that "POMS can be persuasive" but "does not have the force of law." *Wells v. Comm'r of Soc. Sec.*, 430 F. App'x 785, 786 (11th Cir. 2011)(per curiam)

met the requirement that the age categories not be mechanistically applied. 20 C.F.R. § 416.963(b).

The ALJ in this case found Plaintiff was an individual "closely approaching advanced age" at step five of the sequential evaluation process and relied on the VE's opinion that there are jobs that exist in significant numbers that Plaintiff can perform, considering her "age, education, work experience, and residual functional capacity" (Tr. 31-32). While the ALJ did not specifically address Plaintiff's borderline age situation in his written decision, the ALJ relied upon the testimony of the VE and did not mechanistically or exclusively rely on the guidelines. *See Miller v. Comm'r of Soc. Sec.*, 241 F. App'x 631, 635-36 (11th Cir. 2007)(per curiam)(concluding that "the ALJ did not rely exclusively on the grids" where the ALJ relied on the testimony of a VE); *Dubyna*, 2014 WL 4660363, at *8 (finding no error where Appeals Council based its determination upon the testimony of a VE, and "[t]herefore, there was neither an improper reliance on the guidelines nor a mechanical application of the age category"); *Hayes v. Astrue*, No. 3:07-CV-137, 2009 WL 481473, at *2-3 (M.D. Ga. Feb. 23, 2009)(finding no error where "the ALJ relied upon the testimony of a vocational expert, and did not mechanically apply the grids"); *Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1072 (9th Cir. 2010)(concluding that "the ALJ did not 'apply the age categories mechanically' because the ALJ 'evaluat[ed] the overall impact of all the factors of [the claimant's] case' when the ALJ relied on the testimony of a vocational expert before she found [claimant] was not disabled"). The Court notes that, in addition, the Appeals Council's denial for a hearing stated that they "considered the borderline age situation in this case, and we found that the factors in the record do not support application of the higher age category." (Tr. 2). HALLEX I-3-3-25 provides that the Appeals Council must add this language "[w]hen denying review is appropriate but the

9

ALJ did not expressly state in the decision that he or she considered a borderline age situation and whether to apply a higher age category."[3]  2016 WL 1167002, at *1.

Moreover, to justify the use of the older age category, there must be a proffer of additional vocational adversities that create a lesser ability to adapt.  *See Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 847 (11th Cir. 2017).  Here Plaintiff failed to suggest any additional adversities that would require application of the older age category.  *Hutchinson v. Bowen*, 787 F.2d 1461, 1465 (11th Cir. 1986)(claimant has burden of producing substantial evidence of lesser ability to adapt than chronological age); *Reeves v. Heckler*, 734 F.2d 519, 525-26 (11th Cir. 1984)(same).   Plaintiff only cites to "evidence of pain" and to the ALJ's finding that her migraine headaches and cervical disc disease were severe impairments. (Doc. 14, at 12; Tr. 23).  This proffer, however, fails as a matter of law because those impairments were already taken into account by the ALJ in determining Plaintiff's RFC (Tr. 26-30).  *See Hutchinson*, 787 F.2d at 1465 (holding proffer of evidence of medical limitations did not support application of older age category, as "[s]uch a strategy ignores that these limitations were among the factors which led the ALJ to conclude that appellant retained the [RFC] for only light work"); *Huigens*, 718 F. App'x at 847 (noting that "the factors already relied upon to determine the claimant's RFC are insufficient to show additional adversities creating a lesser ability to adapt"); *see also Miller*, 241 F. App'x at 634 (rejecting claimant's challenge to a mechanistic age analysis where nothing in claimant's briefs "suggests that his ability to adapt

---

[3] The Hearings, Appeals and Litigation Law Manual ("HALLEX") contains the Appeals Council's advisory interpretation of applicable regulations.  HALLEX is a Social Security Administration policy manual written to convey 'guiding principles, procedural guidance and information to the Office of Hearings and Appeals … staff."  HALLEX, Chapt. I-1-001.  "It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Action levels." *Id.*  The Eleventh Circuit has not decided whether HALLEX carries the force of law. *McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016).

to new work environments was less than the level established under the grids for persons his age")(citing *Patterson v. Bowen*, 799 F.2d 1455, 1459 (11th Cir. 2007)).  The Court notes that Plaintiff does not suggest that the ALJ's RFC finding is not supported by substantial evidence. For these reasons, the ALJ properly considered whether to use the older age category after evaluating the overall impact of all the factors of Plaintiff's case, applied the correct legal standards and made findings supported by substantial evidence.

### B. Typographical Error

The ALJ posed the following hypothetical question to the VE at the hearing:

> [L]et's assume this individual … can lift up to 20 pounds occasionally, lift and carry 10 pounds frequently, stand and walk for about six hours, sitting for up to six hours in an eight hour work day, but with normal and customary breaks, breaking the work activity in increments of two hours.  Now, this person should avoid and not climb ropes or scaffolds or more than five steps on a ladder. Can occasionally climb less ladders, ramps, and stairs, occasionally balance, kneel, and crawl.  Well, we'll say occasionally stoop and crouch and this person needs to avoid all *industrial* hazards and I'll add avoid more than occasional exposure to excessive noise and excessive vibration.  This person should not operate motorized vehicles, okay.

(Tr. 61-62)(emphasis added).  The VE testified that a hypothetical person with such limitations could not perform Plaintiff's past relevant work, but there were other jobs in the nation economy that the individual could perform such as cafeteria worker, garment sorter, and hotel housekeeper (Tr. 62).

The ALJ, on the other hand, used "indoor hazards" instead of "industrial hazards" in his decision at step four of the sequential evaluation process, finding that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following limitations: The claimant can sit for 6 hours in an 8-hour day; stand for 6 hours in an 8-hour day; and walk for 6 hours in an 8-hour day. The claimant cannot climb ladders with more than 5 steps, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid more than occasional exposure to excessive noise and excessive vibration. She must avoid all *indoor* hazards. She must not operate a motor vehicle. She is further limited

11

> to simple and routine tasks and instructions with a lower stress work environment.

(Tr. 26)(emphasis added). Later in the ALJ's step four analysis, he again uses "indoor hazards":

> The effects of pain, fatigue, and possible medication side effects have also been considered … in assessing the residual functional capacity and limiting the claimant to simple and routine tasks and instructions with a lower stress work environment, no exposure to *indoor* hazards, and no driving of a motor vehicle.

(Tr. 29)(emphasis added).  The ALJ then found that Plaintiff was unable to perform her past work (Tr. 31).

Plaintiff argues that in order for the VE's testimony to constitute substantial evidence upon which the ALJ may base a decision, the hypothetical question must contain all of the limitations the ALJ found in the RFC assessment, that the ALJ did not use the "indoor hazard" limitation in his hypothetical question, and, as such, this Court cannot find that the three jobs cited by the VE do not require exposure to indoor hazards without improperly reweighing the evidence and making findings of fact. (Doc. 13, at 13-15).  Defendant contends that the ALJ clearly intended to include a limitation of "industrial hazards" in his RFC finding rather than "indoor hazards," and the drafting error is harmless. The record, particularly the questions posed by the ALJ and the answers given by the VE during the hearing, demonstrate that Defendant's position is correct.

In his decision, the ALJ concluded that Plaintiff retained an RFC consistent with the limitations contained in the hypothetical that he had posed to the VE with the exception that he stated she must avoid indoor hazards as opposed to industrial hazards.  In step five of his determination, the ALJ expressly stated that he "asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, *and residual functional capacity*" (Tr. 32)(emphasis added).  According to the ALJ's decision, the VE testified that such an individual could perform the occupations of cafeteria worker,

12

garment sorter, and hotel housekeeper. *Id*. Based on that testimony, the ALJ concluded that Plaintiff was not disabled. *Id.* This demonstrates that the ALJ's RFC determination includes the same limitations as he posed to the VE during the hearing.

As such, the reference to indoor hazards was merely a harmless typographical error, which does not necessitate remand. *See Landry v. Comm'r of Soc. Sec.*, No. 8:13–cv–2132–T–DAB, 2014 WL 3908200, at *5 (M.D. Fla. Aug. 11, 2014)("In this case, the ALJ posed a hypothetical to the VE that accurately reflected Plaintiff's exertional limitations …. The fact that the ALJ erroneously described Plaintiff as capable of 'sedentary' work for limitations that fall in the category of 'light' work was harmless error, and the case will not be remanded."); *Ortiz v. Comm'r of Soc. Sec.*, No. 6:10–cv–678–Orl–GJK, 2012 WL 603223, at *6-7 (M.D. Fla. Feb. 24, 2012)("[F]rom the ALJ's opinion it is clear that the ALJ simply made a drafting or typographical error in determining Claimant's RFC. This error does not contradict the ALJ's ultimate findings and a remand to correct the error would be an empty exercise."); *Roberson v. Astrue*, No. 3:11–cv–02824–AKK, 2012 WL 3628678, at *4 (N.D. Ala. Aug. 17, 2012)(concluding that ALJ's RFC determination that plaintiff could perform exertional requirements of light work with limitations was typographical error; "the ALJ's error, if any, is harmless because it is clear from the record that the ALJ intended for [plaintiff] to perform sedentary work with exceptions"); *Cummins v. Astrue*, No. 2:11CV38–SAA, 2011 WL 5570069, at *6 n. 15 (M.D. Ala. Nov. 16, 2011)(concluding ALJ's RFC assessment contained a typographical error limiting claimant to walking or standing up to two hours per day and sitting for six hours per day where the ALJ's hypothetical to the VE contained limitations of walking and standing up to six hours in one day and sitting up to two hours in one day; "After reviewing the record in conjunction with the ALJ's findings, the court is of the opinion that this was clearly a typographical error and the ALJ intended for the RFC and the hypothetical to

13

reflect identical limitations."); *see also Wearen v. Colvin*, No. 13-CV-6189P, 2015 WL 1038236, at *13 (W.D.N.Y. Mar. 10, 2015)(citing to numerous additional cases with similar holdings).

## IV.

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be affirmed.

2. The Clerk be directed to enter final judgment in favor of the Defendant and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 3rd day of January, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc: Hon. James S. Moody, Jr.
    Counsel of Record